UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MICHAEL HULL | No. 3:17-cr-132 (SRU) |

### ORDER AND RULING ON MOTION FOR COMPASSIONATE RELEASE

Michael Hull, currently incarcerated in FCI Fort Dix, filed the instant motion for immediate release. Hull argues that the COVID-19 pandemic, together with his age of 63 years and hypertension, constitute "extraordinary and compelling reasons" warranting a sentence reduction to time served under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).

The government opposes the motion on the grounds that Hull has neither exhausted his administrative remedies with the Bureau of Prisons ("BOP") nor demonstrated how his medical conditions are sufficiently severe to warrant release. The government further asserts that Hull has failed to show how FCI Fort Dix is unequipped to adequately manage the risks posed to Hull by the pandemic.

I agree with the government. For the reasons that follow, Hull's motion for release is **denied**.

### I.   Background

On January 30, 2018, Hull pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1). Plea Agreement, Doc. No. 39. The underlying offense conduct involved the possession of over a hundred videos of child pornography, which included images of and videos depicting prepubescent minors, younger than twelve years old, engaged in sexually explicit conduct. *Id*. at 11. Hull also admitted to installing

a video camera in his bathroom, which captured images of individuals, including children, who used his bathroom. *Id*.

On June 8, 2018, I sentenced Hull to 60 months in prison. Judgment, Doc. No. 60. Because Hull has been in federal custody since his arrest on May 31, 2017, he has thus far served around 35 months of his sentence. His estimated release date is September 2, 2021. *See* FEDERAL BUREAU OF PRISONS, *Find an Inmate*, https://www.bop.gov/inmateloc/.

Hull now moves for compassionate release. He first submitted, through counsel, a request for compassionate release to the BOP on April 20, 2020. Ex. A to Mot. for Release, Doc. No. 62-2. Hull had not received a response as of April 22, 2020.

Thereafter, on April 28, 2020, Hull moved for compassionate release in this court. Mot. for Release, Doc. No. 62.

## II. Discussion

As amended by the First Step Act, 18 U.S.C. § 3582 authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A court may make such a modification only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. § 3852(c)(1)(A). Because Hull's motion can be

denied on the merits, I need not reach the question of whether Hull failed to exhaust his administrative remedies.

The applicable policy statement for compassionate release is found in U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13 and Commentary. *United States v. Gileno*, 2020 WL 1307108, at *2 (D. Conn. Mar. 19, 2020). That section instructs, in relevant part, that a court may reduce a term of imprisonment if the court determines that:

(1) "[e]xtraordinary and compelling reasons warrant the reduction;"

(2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and

(3) "[t]he reduction is consistent with this policy statement."

U.S.S.G. § 1B1.13.

The accompanying commentary enumerates various circumstances constituting extraordinary and compelling reasons, including terminal illness, serious medical conditions, advanced age, and certain family circumstances.[1] U.S.S.G. § 1B1.13, cmt. 1(A)–(C). The commentary also includes a fifth catch-all provision for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as "determined by the Director of the Bureau of Prisons."[2] U.S.S.G. § 1B1.13, cmt. 1(D). Significantly, the defendant bears the burden of proving that he or she is entitled to a sentence

---

[1] Hull does not appear to argue that those categories apply here. To the extent he does advance that argument, I reject it as unavailing. At age 62, Hull is not of advanced age, which is defined as at least 65 years old. Hull has also not proffered any facts indicating that he has a terminal illness or family circumstances warranting release. Finally, for the reasons I discuss below, he has likewise not demonstrated that he suffers from a sufficiently serious medical condition.

[2] As I and the majority of district judges have held, courts may make that determination independent of the BOP. *United States v. Almontes*, 2020 WL 1812713, *3 (D. Conn. Apr. 9, 2020) ("I agree with the vast majority of district courts: I can consider whether reasons other than the inmate's medical condition, age, and family circumstances amount to an extraordinary and compelling reason to reduce that inmate's sentence.").

reduction.  *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

    A. <u>Hull Has Not Sufficiently Demonstrated that Extraordinary and Compelling Reasons Warrant His Release.</u>

Since the outbreak of the COVID-19 pandemic, courts within this circuit and across the country have concluded that "extraordinary and compelling circumstances" exist when an incarcerated defendant suffers from health conditions that make him particularly susceptible to serious complications should he contract COVID-19.  *See, e.g.*, *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020) (holding that extraordinary and compelling reasons justified immediate release under section 3582(c)(1)(A) because the defendant suffered from "diabetes, a serious medical condition which substantially increases her risk of severe illness if she contracts COVID-19") (internal quotation marks, citations, and alteration omitted).  Those circumstances have not been established here.

Hull argues that his high blood pressure and age qualify him for compassionate release because those conditions heighten his risk of developing a severe form of COVID-19.  The CDC, however, does not identify regular hypertension as a comorbidity that elevates the likelihood of serious illness from COVID-19.  *See* CENTERS FOR DISEASE CONTROL AND PREVENTION, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 12, 2020).  Although the CDC does list pulmonary hypertension—a condition specific to the lungs—as a risk factor, it is unclear whether Hull suffers from that ailment.  *Id.*  Hull's medical records indicate only that he has been

4

diagnosed with essential, or primary, hypertension.³  *See* Ex. B. to Mot. for Release, at 2 (diagnosing Hull with "[e]ssential (primary) hypertension"); *id*. at 28 (same); *id.* at 25 ("[Hull] has hypertension"); *see also* Presentence Report, Doc. No. 46, at ¶ 56 (noting that Hull suffers from "hypertension").

It is therefore not evident that Hull suffers from a health condition that makes him especially vulnerable to COVID-19.  *See United States v. Zehner*, 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020) (denying compassionate release on the grounds that the defendant is "less than 65 years old and although he suffers from high blood pressure and depression, he does not claim to have an underlying condition that indicates that he is at heightened risk for severe illness from COVID-19").  For that reason, Hull has failed to prove that extraordinary and compelling circumstances exist, which forecloses relief under section 3582(c)(1)(A).  Because Hull is less than 65 years old, his age does not compel me to conclude otherwise.  *See* CENTERS FOR DISEASE CONTROL AND PREVENTION, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 12, 2020) (identifying individuals aged 65 years and over as at higher risk).

I further note that Hull has not sufficiently demonstrated that FCI Fort Dix is incapable of managing the COVID-19 pandemic or of providing proper care should he contract the virus.  Federal prisons are currently operating under modified procedures to mitigate the spread of COVID-19.  *See* FEDERAL BUREAU OF PRISONS, *BOP Implementing Modified Operations,* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 12, 2020).  Under those rules, "[a]symptomatic inmates with exposure risk factors are quarantined" and "[s]ymptomatic

---

³ Primary hypertension is defined as a type of high blood pressure with no "identifiable cause."  MAYO CLINIC, *High Blood Pressure*, https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/symptoms-causes/syc-20373410.

inmates with exposure risk factors are isolated and tested for COVID-19 per local health authority protocols." *Id*. Enhanced health screening of staff, such as self-reporting and temperature checks, will also be implemented in areas with "sustained community transmission." *Id*.

Hull has set forth no reason for me to believe that FCI Fort Dix is not complying with those preventative measures or that its response to the COVD-19 pandemic has otherwise been inadequate. That deficiency further illustrates how release is not warranted here. *See United States v. Gagne*, 2020 WL 1640152, at *5 (D. Conn. Apr. 2, 2020) (denying compassionate release when prisoner failed to show that the BOP's response to confirmed COVID-19 cases at his facility had been "inadequate from a medical standpoint"); *United States v. Gamble*, 2020 WL 1955338, at *5 (D. Conn. Apr. 23, 2020) (denying compassionate release when the prisoner had "not shown that the BOP cannot adequately manage the pandemic or treat [him]").

To be sure, I recognize that, as of April 27, 2020, 30 prisoners and 2 staff members tested positive after the facility conducted a mass testing. Opp. to Mot. for Release, Doc. No. 65, at 7–8. But the mere existence of COVID-19 cases does not reflect that the BOP is incapable of managing the pandemic within its facilities. *Gamble*, 2020 WL 1955338, at *5 (denying motion even when the facility had confirmed COVID-19 cases among prisoners and staff). Further, as the government notes, those thirty prisoners are all located in an area called the "camp," which is separated by gates, wires, and walls from the "low security" section where Hull resides. *See* Opp. to Mot. for Release, Doc. No. 65, at 7–8.

Finally, Hull's assertion that the government has failed to introduce certain information— such as when the mass testing was conducted or which prisoners were tested—is unavailing. It

is Hull who bears the burden of proof, and he cites to no authority suggesting that the government's failure to proffer such information merits release.

    B.  <u>The Section 3553(a) Factors Counsel Against a Sentence Reduction.</u>

After considering the factors set forth in 18 U.S.C. § 3553(a), I further conclude that a sentence of time served would not be sufficient to accomplish the goals of sentencing. I recognize that outside visits and programming in the BOP are suspended at this time, which may indeed prevent part of what I hoped to achieve with his sentence. But Hull has only served a little over half of his 60-month sentence, and the need to reflect the seriousness of the crime and to promote general deterrence weigh against a reduced sentence.

Although Hull contends that he is unlikely to recidivate, I already considered that fact in his favor at sentencing and nonetheless determined that a sentence of 60 months was necessary to achieve the purposes of sentencing. Accordingly, that argument is without merit.

**III.**  **Conclusion**

For the foregoing reasons, Hull's motion for compassionate release (doc. nos. 62, 63) is **denied**.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 13th day of May 2020.

                                              <u>/s/ STEFAN R. UNDERHILL</u>
                                              Stefan R. Underhill
                                              United States District Judge